# The Judge of Probate *versus* Thomas S. Tillotson, and others.

In debt upon a probate bond, given by an administrator, the defendants, having craved oyer of the bond and condition, pleaded performance of the condition.  The plaintiff replied that the administrator did not render an account, on oath, within a year.  The defendants rejoined, that, after the year, the administrator rendered an account which the Judge of Probate accepted and allowed, and prayed judgment if the plaintiff was not thereby estopped to allege that no account was rendered within the year.  On demurrer, it was held the rejoinder was insufficient.

This was an action of debt on a probate bond, given by T. S. Tillotson, as principal, and the other defendants, as sureties, to the Judge of Probate of this county. The defendants craved oyer of the bond and of the condition. The bond was given, by Thomas S. Tillotson, on the 3d September, 1822, when he was appointed ad-

ministrator of the estate of John M. Tillotson, deceased, and, in the condition was, among other things, the following clause, " that the said T. S. Tillotson do make, or cause to be made, a just and true account of said administration, upon oath, within one year." They then pleaded performance of the condition of the bond.

To this, the plaintiff replied that the said Thomas S. Tillotson did not make, or cause to be made, a just and true account of his administration upon oath, within one year next after the date of the bond, although goods of great value, for which he was bound to account, came into his hands.

The defendants rejoined, that, before the commencement of this action, on the 30th August, 1825, the said Thomas S. Tillotson did make and render, to the said Judge of Probate, a just and true account of his said administration, upon oath ; and on the 19th September, 1825, the said Judge did, by his order and decree thereon, receive, accept and allow the account so rendered ; wherefore they prayed judgment if the said Judge of Probate ought to be admitted and received, against his own order and decree, to plead that the said T. S. Tillotson did not make a just and true account of his administration, on oath, within one year after the date of the bond.

To this rejoinder there was a general demurrer, and joinder in demurrer.

*Bell,* for the defendants.

*J. Smith* and *Pearson,* for the plaintiff.

*By the court.* The bond, upon which this action is founded, was taken, in the name of the Judge of Probate, in this county, for the benefit of those who were interested in the estate of John M. Tillotson, deceased. The Judge of Probate is a mere trustee, without any beneficial interest ; and this suit is prosecuted, by others, in his name, at their own expense and for their own benefit. The real plaintiffs, in this case, are the creditors of

John M. Tillotson ; and they claim to have judgment for the penal sum named in the bond, because Thomas S. Tillotson did not render an account of his administration, on oath, within a year after the date of the bond. It is not pretended, on the part of the defendants, that Thomas S. Tillotson did render an account within the year. But it is said, in their behalf, that, after the expiration of the year, the said Thomas S. Tillotson did render an account to the Judge of Probate, which the Judge, by decree, received, accepted and allowed. Judgment is therefore prayed, if the plaintiff shall be admitted to plead, that no account was rendered within the year. It is not contended that this matter is an answer to the breach of the condition alleged (if it be competent, to the plaintiff, to allege this breach, under the circumstances) but the matter is pleaded as an estoppel, which is to preclude the creditors from alleging such breach of the condition, and the question is, are the creditors estopped, by this matter, to allege that no account was rendered within the year ?

If there be any estoppel in this case, it must be, either because the matter of neglect, in not rendering the account within a year, was, finally and conclusively, settled by the adjudication of the judge of probate upon the account ; or because, the Judge of Probate having received and allowed the account, it is unfit and improper that the creditors should now be permitted to allege, in his name, that it was not rendered in season.

But it is very apparent that the matter of neglect to render the account within the year was not at all involved in the adjudication upon the account. The only question, which could arise upon the account, was, whether it was just and true. Any enquiry, whether the account had been rendered in season to save the condition of the bond, would have been entirely irrelevant, and would have involved questions which it was not the province of the Judge of Probate to decide.

Nor do we see, in the acceptance and allowance of the account by the Judge of Probate, any reason why the creditors should not be permitted to allege, in the name of the Judge of Probate, that the account was not rendered within the time limited in the condition of the bond. The Judge was bound to receive and, if just, to allow the account, whether rendered within the time limited, or not. There is nothing, in this allegation, in any degree inconsistent with what has been done by the Judge. Nor do we perceive any connexion between the acceptance and allowance of the account and the neglect to render it in season to save the condition of the bond, which affords even the slightest pretence for an estoppel, in this case.

*Judgment for the plaintiff.*